KINGS COUNTY.—HON. ABRAHAM LOTT, SURRO-
GATE.—July, 1887.

## MATTER OF JOHNSON.

*In the matter of the estate of* LAURA L. JOHNSON,
*deceased.*

Where a will makes a bequest to one for life, with remainder over, all the
benficiaries being in the category of those whose interests are subject
to the tax imposed by the "collateral inheritance tax" act, L. 1885,
ch. 483, the tax on the life estate is to be taken out of the income, and
that on the remainder to be deducted from the principal. The fact
that the amount of the latter will thus be reduced is no objection,
since such reduction is lawfully made.

Where the interest of the life beneficiary is not taxable, the amount of the
remainderman's tax is nevertheless lawfully payable out of the prin-
cipal.

MOTION to confirm report of appraiser appointed in
proceedings instituted under "collateral inheritance
tax" act.

OLIVER S. ACKLEY, *for executrix, opposed :*

1. The act is impracticable and inoperative, as re-
spects the estates created by this will, no machinery
being provided whereby the executrix can properly
and safely pay the tax imposed.

2. The will provides: "I give and bequeath to my
nephew, J., $2,000, in trust, to invest, and pay the
income to his mother, M., during her natural life, or
until she shall re-marry; and, upon her death or re-
marriage, I give and bequeath the same absolutely, in
equal shares, to the said J., and my grandniece, B."

3. It is essential to compute the value of the estate

of M., not only for her natural life, but also for the period during which she may remain unmarried; which is impossible.

4. The amount of the assessed taxes would have to be taken out of the $2,000 bequeathed. But the deduction of the remaindermen's tax would diminish the amount which M. is entitled to enjoy; and the deduction of her tax would deprive the remaindermen of their right to receive the unimpaired principal, at her death or marriage.

5. The will bequeaths the residue to the executrix, in trust, for the benefit of two brothers of decedent and their wives, for life, with remainder to nephews and nieces. The appraiser finds these life estates not taxable, and assesses the taxes on the remainders. The deduction of the remaindermen's taxes would diminish the amounts which the particular beneficiaries are entitled to enjoy during their lives.

6. The report should not be confirmed.

THE SURROGATE.—The appraiser's report is confirmed. I do not see that the objections made have any force. The principal objection is that the remainders would be diminished by the payment of the tax on the life estate out of the capital.

The answer to this is that the tax on the life estate may and ought to be taken out of the income. The objection that the tax on the remainder will reduce the capital and so affect the income is not, I think, tenable, as long as it is lawfully so reduced. There is no other mode of ascertaining the value of the life estate than that adopted by the appraiser.